### JONES v. LEE, Judge of Probate.
### (4 Div. 939.)

(Court of Appeals of Alabama. June 10, 1924. Rehearing Denied June 24, 1924. Reversed on Mandate Dec. 16, 1924.)

Licenses ⬳29—Amount required to obtain license to sell cigarettes under revenue act governed by later census act.

Where city took census under Code 1907, §§ 1060, 1061, which showed a population of less than 7,000, Act Sept. 17, 1919, p. 465, providing that for all purposes census so taken shall govern, controls amount of cigarette license tax under Revenue Act Sept. 15, 1919, p. 404, § 361, schedule 25, though the latter act, section 377, p. 445, provides that the last preceding United States census shall govern the amount.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Petition by E. M. Jones for mandamus to Hon. Huey R. Lee, as Judge of Probate of Barbour County. From a decree denying the writ, petitioner appeals. Affirmed.

Reversed and remanded on authority of Ex parte Jones, 212 Ala. 259, 102 So. 234.

Chauncey Sparks, of Eufaula, for appellant.

Judicial notice is taken of the population fixed by the last federal census. 23 Cyc. 161; Griffin v. Fowler, 17 Ala. App. 44, 81 So. 426. The General Revenue Act of 1919, p. 377,

governs in determining the amount of license taxation to be paid by inhabitants of municipalities. Best v. City of Birmingham, 16 Ala. App. 353, 78 So. 100; In re Will of Enston, 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464; Phœnix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am. St. Rep. 143; W. U. Tel. Co. v. State Board, 80 Ala. 273, 60 Am. Rep. 99; Phœnix Assur. Co. v. Fire Dept., 117 Ala. 631, 23 So. 843, 42 L. R. A. 468; 4 Mayfield's Dig. 858; Smith v. Speed, 50 Ala. 276.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellee.

The license tax is properly determined according to the municipal census taken under Acts 1919, p. 465. Washington v. State, 72 Ala. 276; Cooley on Taxation (3d Ed.) 460.

BRICKEN, P. J. E. M. Jones made application to the probate judge of Barbour county for a state and county license to sell cigarettes in the city of Eufaula and tendered to him the sum of $23 in payment of all legal charges therefor. The judge of probate, Hon. Huey R. Lee, refused to accept said amount or issue such license for said amount, and thereupon the said E. M. Jones filed in the circuit court his application for writ of mandamus to compel the said Huey R. Lee, as such judge of probate, to accept said sum of money and issue said license.

The amount that must be paid for state and county license for selling cigarettes in incorporated cities and towns is governed by the number of inhabitants of such city or town. Schedule 25 of section 361, General Revenue Act 1919 (Acts 1919, p. 404). This act further provided as follows:

"In all cases where the amount of license is rated according to the population of the town, city or county, the population of such town, city or county as fixed by the last preceding United States census shall govern." Section 377 of said act (Acts 1919, p. 445).

The above-cited act was approved September 15, 1919.

On September 17, 1919, two days after the foregoing cited act was approved, there was approved by the Governor an act (Acts 1919, p. 465) which provided as follows:

"That where the census of any city or town in the state of Alabama of seven thousand inhabitants or less, has been or may hereafter be taken as provided by the Code of Alabama of 1907, and the report of the census thus taken has been or may hereafter be filed with the secretary of state, that the census purporting to be a true and correct enumeration of the inhabitants residing in the said cities and towns is, and shall be, hereby, ratified, confirmed and validated, and the report of said census, which has been or may hereafter be filed, shall for all purposes govern, and be taken as the true and correct census for all

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such cities and towns in the state of Alabama, under seven thousand inhabitants, when so taken."

As the court judicially knows and as admitted on the trial of this case, as shown by the record, the last federal census placed the population of the city of Eufaula at 4,939. Subsequent to the publication of this federal census, but prior to October 1, 1923, the beginning of the present license tax year, as was admitted on the trial, as shown by the record, the said city of Eufaula availed itself of the said provisions of said act approved September 17, 1919, by having a census taken and reported as provided by said act, in the manner prescribed by sections 1060 and 1061 of the Code 1907. This census showed the population of said city to be 6,253. Since the said act approved September 17, 1919, the last legislative expression on the subject, provides that a census so taken by a city of less than 7,000 inhabitants "shall for all purposes govern, and be taken as the true and correct census for all such cities and towns in the state of Alabama, under seven thousand inhabitants, when so taken," it necessarily includes the purpose of determining the amount which shall be paid for state and county license for selling cigarettes in such city. The amount tendered by the said E. M. Jones, applicant for writ of mandamus, not being sufficient to pay for license to sell cigarettes in a city of over 5,000 inhabitants, the judge of probate properly refused to accept the tender made him and to issue the license requested.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Ex parte Jones, 212 Ala. 259, 102 So. 234.